FILED

Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile: 619-241-8309

2013 OCT 25  PM 1:33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorney for Plaintiff PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAPAN,<br><br>         Plaintiff,<br><br>    vs.<br><br>CASABLANCA EXPRESS CORPORATION, a California corporation, CHARLES C. MCCLENDON, an individual, JONATHAN D. LEE, an individual,<br><br>         Defendants. | Case No.: **CV 13-07906-DSF (JCx)**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>Violation(s) of Telephone Consumer Protection Act of 1991<br>Trespass to Chattel<br>Unfair Business Practices |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

///

- 1 -
Complaint

2. Defendant CASABLANCA EXPRESS CORPORATION ("CASABLANCA EXPRESS") is, and at all times herein mentioned was, a California Corporation, doing business in the Los Angeles County, California.

3. Defendant CHARLES C. MCCLENDON is, and at all times herein mentioned was, a resident of Los Angeles County, California, doing business in the Los Angeles County, California.

4. Defendant JONATHAN D. LEE is, and at all times herein mentioned was, a resident of Clark County, Nevada, doing business in Los Angeles County, California.

5. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

7. On or about March 7, 2011 at 8:58 pm, PAUL SAPAN received a call to his home phone number, 310-444-1999, from Defendants wherein they played a prerecorded message that attempted to pitch a vacation package.

8. The Caller ID for this call listed the number as 818-849-5853 and it did not show any Caller ID name as required by FCC rules.

9. Thereafter, PAUL SAPAN received from Defendants a call with the Caller ID showing 702-938-2900 on 11/3/11 at 3:06 pm with a voice message from a "Janelle" regarding his "Anaheim Trip".

10. PAUL SAPAN did not have any trip planned that could be associated with "Anaheim Trip".

11. Thereafter PAUL SAPAN received from Defendants another call on 11/10/11 at 12:58 pm with Caller ID as 702-938-2900.

12. Thereafter PAUL SAPAN received from Defendants another call on 3/22/12 at 8:22 pm with Caller ID as 702-255-1235.

13. Thereafter PAUL SAPAN received from Defendants another call on March 28, 2012 at 7:47 pm with Caller ID as 702-938-2900.

14. During this call Defendants a person named "Irene" said she was calling on behalf of the Riviera Hotel in Las Vegas.

///

15. During this call "Irene" gave her website as www.vegas.169.com. Mr. Sapan stated he would call them back if he was interested.

16. Upon review of the website www.vegas.169.com, the website states it is the reservation agent for Casablanca Express.

17. Thereafter PAUL SAPAN received from Defendants another call on 7/19/2012 at 8:08 pm with Caller ID 808-626-5646 from a "Mickey" who purported to be with Casablanca Express. PAUL SAPAN indicated to "Mickey" that he was not interested.

18. Thereafter PAUL SAPAN received from Defendants another call on 9/10/12 at 4:42 pm with Caller ID 303-640-3175 from a "Ricky" from the "Reservation Dept" of the Riviera Hotel. During this call, when PAUL SAPAN asked "Ricky" what his company was and "Ricky" said Casablanca Express. PAUL SAPAN indicated to "Rickey" that he was not interested.

19. Thereafter PAUL SAPAN received from Defendants another call on 12/21/12 at 3:37 pm with Caller ID 734-619-6985 and spoke with a "John Lewis" who purported to be with Casablanca Express. PAUL SAPAN indicated to "John" that he was not interested.

20. Thereafter PAUL SAPAN received from Defendants another call on 7/22/13 3:02 pm caller ID 702-749-4331, which he did not answer. PAUL SAPAN called the Caller ID number back and the message on that number said it

was for "Vegas Vacations" and directed him to a website www.vegas229.com. The contact phone number on this site is the same as on www.vegas169.com which was the site from the previous calls.

21. Thereafter PAUL SAPAN received from Defendants another call on 7/22/13 at 7:02 pm Caller ID 702-749-4331 from a "Dan" who purported to be from "Vegas Vacations".

22. Thereafter PAUL SAPAN received from Defendants another call on 8/1/13 at 8:52 pm from Caller ID 424-239-6437. PAUL SAPAN called the number back and the message on that number said it was for "Vegas Vacations".

23. Thereafter PAUL SAPAN received from Defendants another call on 8/27/13 at 6:50 pm with Caller ID (323) 892-2236 from a "John" who purported to be from "Vegas Vacations". PAUL SAPAN called the number back and the message on that number said it was for "Vegas Vacations" and directed him to a website www.vegas229.com.

24. Thereafter PAUL SAPAN received from Defendants another call on 9/3/13 at 5:32pm with Caller ID 323-606-8106.

25. All of the foregoing calls failed to transmit Caller ID name information as required by FCC rules.

26. Paul Sapan's home phone number, 310-444-1999, has been on the National Do Not Call Registry administered by the Federal Trade Commission

since at least December 23, 2007, and was on the National Do Not Call Registry at all dates and times relevant herein.

27. Defendant CHARLES C. MCCLENDON is the President of CASABLANCA EXPRESS, and Mr. Sapan is informed and believes that Mr. McClendon ordered the calls made or otherwise was responsible for the calls being made to him.

28. Defendant JONATHAN D. LEE is the Director of CASABLANCA EXPRESS, and Mr. Sapan is informed and believes that Mr. Lee ordered the calls made or otherwise was responsible for the calls being made to him.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

29. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

30. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

31. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a

message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

32. Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

33. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

/ / /

/ / /

## SECOND CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

34. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

35. Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

36. Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

37. At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

38. Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658. These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative

calls to Plaintiff's residential telephone line. These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff. 37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

39. Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both. If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)]

40. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

41. California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.

- 9 -
Complaint

Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

42. As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

43. Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

44. Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

45. Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION
[Trespass to Chattel]

46. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

47. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

48. At no time did Plaintiff consent to this trespass.

49. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

50. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices]

51. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

52. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

53. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

/ / /

/ / /

/ / /

Complaint

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;

2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (5);

4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5. For compensatory damages according to proof;

6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

7. For punitive damages;

8. For attorneys fees;

///

///

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;

10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

12. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

13. For costs of suit herein incurred; and

14. For such further relief as the Court deems proper.

DATED: October 24, 2013                    **PRATO & REICHMAN, APC**

　　　　　　　　　　　　　　　　　　　　　　　/s/ Christopher J. Reichman
　　　　　　　　　　　　　　　　　　　　　　　By: Christopher J. Reichman, Esq.
　　　　　　　　　　　　　　　　　　　　　　　**Prato & Reichman, APC**
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　PAUL SAPAN

Complaint